**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**ALBERTUS CONNER, JR.**                    **NO. 2:09-CV-03858**

**V.**                                                              **JUDGE MARY ANN VIAL LEMMON**

**STATE OF LOUISIANA, ET AL.**      **MAGISTRATE JUDGE DANIEL E. KNOWLES, III**

<u>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**</u>

MAY IT PLEASE THE COURT:

 **I.**      <u>**STATEMENT OF THE CASE:**</u>

Plaintiff Albertus Conner, Jr. has sued James D. "Buddy" Caldwell, Attorney General of the State of Louisiana, and Terry Alarcon, Judge of the Orleans Parish Criminal District Court, Section "L", for a violation of his rights when he was arrested on the charge of theft over five hundred dollars. As relief he seeks to have this Court order a hearing to show cause.

**II.**      <u>**THIS COURT MAY NOT GRANT HABEAS CORPUS RELIEF BECAUSE THE PLAINTIFF HAS FAILED TO EXHAUST ALL STATE COURT REMEDIES**</u>

A federal court may not grant habeas corpus relief unless the petitioner has exhausted all state court remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Deters v. Collins*, 985 F.2d 789, 793 (5th Cir. 1993) (Habeas corpus relief is available only if the applicant first

exhausts remedies available in state court.). In order for the plaintiff to meet the requirements of the exhaustion concept, he must fairly apprise the highest court of his state of the federal rights which were allegedly violated. *Picard v. Conner,* 404 U.S. 270, 275 (1971); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982). Further, the plaintiff must present his claims in a procedurally correct manner. *Carter,* 677 F.2d at 443. A state prisoner must present the substance of every claim he intends to raise in a § 3554 petition to all levels of state court review before pursuing relief in federal court. However, where a prisoner's failure to present a claim to the state court bars state court consideration of the claim, an exception to the exhaustion requirement is made, since further resort to the state courts would be futile. *Layton v. Carson,* 479 F.2d 1275, 1276 (5th Cir.1973).  The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F. 3d 155, 160 (6th Cir. 1994).

It appears that plaintiff is alleging that the Attorney General's office did not verify the truth of Mrs. Washington's statements and that Judge Alarcon lost sight of his case and overlooked the plaintiff and his rights. But, plaintiff has not demonstrated that he has exhausted all state court remedies nor has he demonstrated their inadequacies. Therefore, based on the above reasons, plaintiff's complaint must be dismissed.

## III.   THIS COURT LACKS SUBJECT MATTER JURISDICTION TO ORDER THE STATE COURT TO HOLD A HEARING TO SHOW CAUSE

"The federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *Johnson v. Bigelow*, 239 Fed. App'x  865, 856-66 (5th Cir. 2007).

The plaintiff is requesting such action when he asks this Court to order a hearing to show cause. The principles of federalism leave this Court wholly without the authority to do so. For that reason, plaintiff's plea for relief must be dismissed.

2

**IV.   THIS COURT DOES NOT HAVE THE AUTHORITY TO ISSUE A WRIT OF HABEAS CORPUS BECAUSE THE PLAINTIFF IS NOT "IN CUSTODY"**

The habeas statute gives federal courts the authority to issue a writ only if the person is "in custody." 28 U.S.C § 2241 (2000).  There is a jurisdictional requirement that "the habeas petitioner be in 'custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook,* 490 U.S. 488, 490-91 (1980).

Although plaintiff was subject to an investigation and was held in custody, the plaintiff has not alleged that he is currently in custody and, upon information and belief, and as evidenced by Mr. Conner's service address, he is not in custody; therefore, habeas jurisdiction does not lie with this Court.

**V.   THE ATTORNEY GENERAL AND JUDGE ALARCON ARE NOT PROPER DEFENDANTS TO A HABEAS PROCEEDING**

Even if the plaintiff was found to be "in custody," he has named improper defendants. The custodian is generally the only proper respondent to prisoner's habeas petition. This custodian is "the person" with ability to produce prisoner's body before habeas court. 28 U.S.C. § 2242.

The proper respondent to habeas challenges is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official. 28 U.S.C.A. § 2242.

The habeas provision contemplates a proceeding against some person who has the immediate custody of the party detained, with the power to produce such body before the court or the judge, that he may be liberated if no sufficient reason is shown to the contrary. *Rumsfeld v. Padilla,* 542 U.S. 426, 434 (2004).

3

The Attorney General and Judge Alarcon are improper defendants to the action brought by plaintiff because they are not in immediate custody of the plaintiff.  Based on the above reasons, plaintiff's complaint should be dismissed.

**VI.    <u>CONCLUSION</u>**

Plaintiff's lawsuit against James D. "Buddy" Caldwell and Judge Alarcon seeks relief for which this court lacks jurisdiction because plaintiff has not exhausted all state court remedies and this court lacks the jurisdiction to order a state court to conduct a show cause hearing. Thus, plaintiff's complaint must be dismissed. Further, plaintiff's complaint fails to state a claim upon which relief can be granted because the plaintiff has not alleged that he is currently in custody and the Attorney General and Judge Alarcon are not proper defendants to a habeas proceeding. Based on the above reasons, plaintiff's claims must be dismissed.

Respectfully Submitted:

**JAMES D. "BUDDY" CALDWELL,
ATTORNEY GENERAL**

**BY:  <u>s/ Bridget B. Denicola</u>**
DAVID G. SANDERS, Bar Roll No. 11696
BRIDGET B. DENICOLA, Bar Roll No. 27433
*ASSISTANT ATTORNEYS GENERAL*

**LOUISIANA DEPARTMENT OF JUSTICE**
LITIGATION DIVISION
P.O. BOX 94005
BATON ROUGE, LA 70804-9005
TELEPHONE: (225) 326-6300
FACISMILLE: (225) 326-6192

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Support of Motion to Dismiss has been filed using the Court's CM/ECF system and Notice of Filing has been served upon all parties in accordance therewith, and that a copy of the Memorandum in Support of Motion to Dismiss has been served on all *pro se* parties by mailing same via United States First Class Mail, Postage prepaid.

Baton Rouge, Louisiana, this 21st day of September 2009.


Albertus Conner, Jr.
2839 Jackson St.
Shreveport, LA 71109

**s/ Bridget B. Denicola**
BRIDGET B. DENICOLA